UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.:

JEREMY BRYAN HALES and
MARTHA RIZK

    Plaintiffs,

v.

DANIEL REX OWEN,

    Defendant.
_____/

## COMPLAINT

JEREMY B. HALES (hereinafter, "HALES") and MARTHA RIZK (hereinafter, "RIZK") - collectively, Plaintiffs - complaining of the Defendant DANIEL REX OWEN (hereinafter, "OWEN"), state:

### THE PARTIES

1.     **Plaintiff Jeremy Hales** is a resident of Summit County, Ohio, who has built his career around his passions through social media, including, without limitation, Facebook, YouTube, TikTok, Instagram, and other platforms, with a current YouTube subscription fan base of over 700,000 people across the world for his YouTube channel "What The Hale$." People who subscribe with Plaintiff's social media platforms often pay monthly fees to HALES for premium access to HALES' social media platform - which is an "open video diary" of HALES' life. HALES' social media platforms are

where people are EDUCATED, EQUIPPED and ENCOURAGED (with a dash of humor on the Side). HALES has expended and continues to expend substantial time, money, and resources into acquiring subscribers, providing ongoing programs, and maintaining relationships and goodwill with them.

2. **Plaintiff Martha Rizk** is a resident of Summit County, Ohio, is the co-host of the YouTube channel "What The Hale$."

3. **Defendant Daniel Rex Owen** is a state official employed by the State of Florida and is being sued in his individual capacity.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as this action arises under the Constitution and laws of the United States and alleges deprivation of rights, privileges, or immunities secured by the Constitution and laws.

5. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b) because the defendant resides in this judicial district.

6. Assignment to the Gainesville Division of this Court is proper because the events giving rise to this action occurred in Levy County, Florida, which is within the Gainesville Division of the Northern District of Florida.

## STATEMENT OF FACTS

7. Plaintiffs are protected persons under two valid orders of protection issued by the state of OHIO, copies being attached hereto as Exhibit "1" and Exhibit "2."

8. The protection order was issued on or about October 30, 2023, after a hearing on October 10, 2025, in which Lynette Preston ("PRESTON") and John Cook ("COOK") - the persons against whom the orders were issued - had reasonable notice and opportunity to be heard. Lynette Preston and John Cook both attended the hearing via video conference and represented themselves.

9. The issuing court had jurisdiction over the parties and the subject matter under the laws of OHIO.

10. Under 18 U.S.C. § 2265, Defendant was required to give full faith and credit to the protection orders and enforce them as if they had been issued in Florida.

11. Instead of enforcing the protection orders as required by federal law, Defendant refused to recognize the validity of the orders.

12. Defendant initiated an investigation into whether Plaintiff HALES had been truthful when obtaining the protection order in OHIO. Defendant, in an email dated 10-30-2023, sent to Brett Beachamp, Undersheriff/Legal Advisor for the Levy County Sheriff's Office stated:

> Can you email me the petition that [HALES] filed in order to obtain this Order of Protection? If you don't have a copy, please request one from the clerk of Summit County. I want to see if he [HALES] committed Perjury in the Petition. Specifically I want to see what representations he made with re: to [PRESTON/COOK]'s residence. My understanding is

that [PRESTON/COOK] has no ties to Ohio, much less Summit County Ohio.

A copy of this email is attached hereto as Exhibit "3."

13. By investigating the truthfulness of Plaintiff's statements in the original protection order proceeding, Defendant effectively re-litigated the merits of the order.

14. On or about October 31, 2023 through at least May 1, 2024, both Plaintiffs were present in the State of Florida (in Levy County) and on at least three occasions (beginning in November 2023) presented the protection orders to the Levy County Sheriff's Office requesting enforcement.

15. Again, instead of enforcing the protection orders as required by federal law, Defendant refused to recognize the validity of the orders. On or about November 20, 2023, RIZK reported protection and enforcement of the orders to on S. Williamson #710 of the Levy County Sheriff's Office, who stated in writing a report:

> I reviewed the Assistant State Attorney [Defendant]'s email regarding this matter. It reads that [Defendant] would caution against enforcing this injunction. Mrs. (sic) Rizk was made aware of this and was told this report would be for documentation only. Mrs. (sic) Rizk advised she has a video of the event which I will attach to this report when it is provided.

16. As a result of Defendant's refusal to enforce the protection orders, Plaintiffs were deprived of the protection guaranteed by federal law.

17. Plaintiffs have suffered continuous harm to each Plaintiff/Victim's sense of safety and well-being, as a direct result of Defendant's failure to enforce the protection

orders, including, without limitation, (1) physical harm and the threats of such harm, (2) emotional and psychological harm as a result of PRESTON and COOK's intimidating and threatening behavior (assault with a gun) causing mental distress to the Plaintiffs, (3) fear of death or bodily injury due to PRESTON and COOK's persistent and obsessive behavior, (4) impact on Plaintiffs' daily lives and safety and (5) great financial harm as a result of PRESTON and COOK being emboldened by Defendant's failure to enforce the protection orders.

## CLAIMS FOR RELIEF

### Count I - Violation of Civil Rights Under 42 U.S.C. § 1983 - Failure to Give Full Faith and Credit to Protection Order

18. Plaintiffs repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant acted under color of state law.

20. Defendant was acting in his capacity as a state official when he refused to enforce Plaintiffs' protection orders and instead investigated their validity.

21. Defendant had a duty under federal law to give full faith and credit to Plaintiffs' protection orders.

22. 18 U.S.C. § 2265 requires that protection orders issued by one state be given full faith and credit by officials in another state, provided the issuing court had jurisdiction and afforded due process.

23. Defendant deprived Plaintiffs of rights secured by federal law.

24. By refusing to enforce Plaintiffs' valid protection orders and instead investigating the truthfulness of Plaintiff's statements in obtaining the order, Defendant violated Plaintiffs' federally protected rights to have the order enforced across state lines.

25. Defendant's actions were the proximate cause of Plaintiffs' damages.

26. As a direct and proximate result of Defendant's failure to enforce the protection orders, Plaintiffs suffered continuous harm to each Plaintiff/Victim's sense of safety and well-being, as a direct result of Defendant's failure to enforce the protection orders, including, without limitation, (1) physical harm and the threats of such harm, (2) emotional and psychological harm as a result of PRESTON and COOK's intimidating and threatening behavior (assault with a gun) causing mental distress to the Plaintiffs, (3) fear of death or bodily injury due to PRESTON and COOK's persistent and obsessive behavior, (4) impact on Plaintiffs' daily lives and safety and (5) great financial harm as a result of PRESTON and COOK being emboldened by Defendant's failure to enforce the protection orders.

27. PRESTON and COOK enlisted others in a civil conspiracy to harm HALES as a result of PRESTON and COOK being emboldened by Defendant's failure to enforce the protection orders, causing HALES significant and ongoing financial harm since Defendant's failure to enforce the protection orders.

**Count II - Violation of Due Process Rights Under 42 U.S.C. § 1983**

28. Plaintiffs repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

29. Defendant acted under color of state law.

30. Defendant was acting in his capacity as a state official when he refused to enforce Plaintiffs' protection orders and instead investigated their validity.

31. Plaintiffs had a protected liberty interest.

32. Plaintiffs had a protected liberty interest in the enforcement of the valid protection orders, which were designed to ensure Plaintiffs' safety and security.

33. Defendant deprived Plaintiffs of that interest without constitutionally adequate process.

34. By unilaterally deciding to investigate the basis for the protection orders rather than enforcing them as required by federal law, Defendant deprived Plaintiffs of the liberty interest in the protection orders without any constitutionally adequate process.

35. The decision to investigate the truthfulness of Plaintiff's statements in obtaining the orders effectively nullified the orders without any hearing or other process.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendant and grant the following relief:

1. A declaration that Defendant's failure to give full faith and credit to Plaintiffs' out-of-state protection orders violated 18 U.S.C. § 2265 and Plaintiffs' constitutional rights.

2. Compensatory damages against Defendant in an amount to be determined at trial for the injuries suffered by Plaintiffs as a result of Defendant's unlawful conduct.

3. Punitive damages against Defendant in an amount to be determined at trial for Defendant's willful, malicious, or reckless disregard of Plaintiffs' federally protected rights.

4. Reasonable attorney's fees and costs incurred in bringing this action.

5. Injunctive relief requiring Defendant and those acting in concert with Defendant to give full faith and credit to valid protection orders from other states and to refrain from investigating the basis for such orders except as permitted by federal law.

6. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,
SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

By: /s/ *Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure