## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

JEREMY BRYAN HALES and
MARTHA RIZK
     Plaintiffs,

    v.                              Case No. 1:25-cv-290-AW-HTC

DANIEL R. OWEN,
     Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Defendant Daniel Owen moves to dismiss Plaintiff's Complaint (Doc. 1) under Federal Rule of Civil Procedure Rule 12(b) and states:

1.  Mr. Owen is absolutely immune from suit;

2.  Plaintiff fails to state a claim on which relief can be granted;

3.  Mr. Owen is entitled to qualified immunity.

## BACKGROUND

Mr. Hales and Ms. Rizk are involved in an ongoing civil-domestic dispute with their part-time neighbors, nonparties Lynette Preston and John Cook. Plaintiffs primarily reside in Ohio, but own or owned property in Levy County, Florida across the street from Preston and Cook. In September 2023, Preston filed a petition for a temporary restraining order in Levy County Case No. 2023-DR-416 against Mr.

Hales.[1] Around the same time Plaintiffs filed a petition for restraining order against Preston and Cook in Summit County, Ohio Case No. 2023-09-3595. The Summit County, Ohio civil protection order issued November 1, 2023, and expired October 10, 2025. (Docs. 1-1, 1-2). The Levy County temporary injunction for protection against stalking issued on December 4, 2023, and terminated at Preston's request on September 4, 2024.

Mr. Hales and Ms. Rizk each reported violations of their protection orders to the Levy County Sheriff's Office, and the Eighth Judicial Circuit State Attorney filed charges in Levy County Cases *State v. Preston*, Levy County No. 2024-MM-59 (filed 1/26/2024), *State v. Preston*, Levy County No. 2024-MM-209 (filed April 5, 2024), and *State v. Cook*, Levy County No. 2024-MM-208 (filed July 11, 2024). (Exs. 1-3). The charges were ultimately dropped.[2]

Plaintiffs then sued Preston and Cook in Northern District of Florida Case No. 1:24-cv-00045-ZCB, filed March 4, 2024, and Preston sued Plaintiffs in Levy County Case No. 2024-CA-153. Preston filed for Chapter 7 bankruptcy in Northern District of Florida Case No. 25-10173-KKS, resulting in entry of an automatic stay of Plaintiffs' federal lawsuit on July 15, 2025. A few months later, Plaintiffs filed

---

[1] Plaintiffs' current counsel represented them in the Levy County proceedings and in the later-filed federal lawsuit.

[2] Preston and Cook also reported violations against Hales and Rizk, and charges were brought and ultimately dropped or nolle-prosecuted.

this lawsuit against Eighth Judicial Circuit of Florida State Attorney Daniel Owen for alleged failure to enforce the protection orders against Preston and Cook.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs' allegations here derive from the Ohio civil protection orders. (Docs. 1-1, 1-2). According to the Complaint, Plaintiffs were in Florida on at least three occasions between November 2023 and May 1, 2024.[3] Plaintiffs brought the protection order to the Levy County Sheriff's Office ("LCSO"), and "request[ed] enforcement." (Doc. 1 ¶ 14).

LCSO Officer Beauchamp emailed Mr. Owen for assistance. Mr. Owen is currently a Division Chief for the Eighth Judicial Circuit State Attorney's Office. In an email to LCSO, Mr. Owen wrote,

> Can you email me the petition that ▮▮▮▮▮ filed in order to obtain this Order of Protection? If you don't have a copy, please request one from the clerk of Summit County. I want to see if he committed Perjury in the Petition. Specifically I want to see what representations he made with re: to ▮▮▮▮▮ residence. My understanding is that ▮▮▮▮▮ has no ties to Ohio, much less Summit County Ohio.

(Doc. 1-3). When Ms. Rizk "requested enforcement" several weeks later, on November 20, 2023, a different LCSO officer, "S. Williamson," wrote an incident report stating that he had reviewed Mr. Owen's email and "[i]t reads that the [Defendant] would caution against enforcing this injunction." Officer Williamson informed Ms. Rizk that a report would be created for documentation only. (Doc. 1

---

[3] Plaintiffs appeared for several hearings in the Levy County protection order case, no. 2023-DR-416 during this time period.

at ¶ 15). On at least three later occasions, though, as described above, LCSO responded to Plaintiffs' reports about protection order violations, resulting in charges against the restrained parties.

Plaintiffs claim Mr. Owen's investigation into the protection order amounted to a "refusal to enforce the protection orders" and that Mr. Owen's investigation caused physical harm and threats of harm, caused mental and emotional distress because of the restrained nonparties' "intimidating and threatening behavior (assault with a gun[4])," caused Plaintiffs fear of death or bodily injury from the restrained nonparties' obsessive behavior, and caused financial harm because the restrained nonparties were "emboldened." (Doc. 1 at ¶¶ 16-17). It is not clear whether Plaintiffs believe that Mr. Owen failed to take some action to protect them, that Mr. Owen is liable for LCSO's interpretation of his email as advice not to enforce the protection order, or that Mr. Owen's investigation alone amounted to a constitutional injury.

Plaintiffs bring two claims for relief: 1) Failure to give full faith and credit to the protection order under 42 U.S.C. § 1983, and 2) Violation of due process under 42 U.S.C. § 1983. They seek compensatory and punitive damages, attorney's fees and costs, and injunctive relief requiring Mr. Owen to give full faith and credit to

---

[4] Cook was arrested and charged following an incident on July 3, 2024, in Levy County Case *State v. Cook*, No. 2024-CF-349.

"valid protection orders from other states and to refrain from investigating the basis for such orders except as permitted by federal law." (Doc. 1 at ¶¶ 3-5).

Although the Complaint contains these claims and purports to describe damages, the allegations pleaded do not cogently support either the claims or the damages alleged, and the allegations conflict with the reality that the Eighth Judicial Circuit State Attorney's Office actually did bring charges against the restrained. Plaintiffs fail to state a claim because the lawsuit lacks merit in fact and law.

## <u>STANDARD OF REVIEW</u>

"[T]o survive a motion to dismiss, a complaint must contain sufficient matter . . . to 'state a claim for relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement requires more than the possibility a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 555, 557). Federal pleading rules require a complaint to provide sufficient notice to a defendant of the causal connection between him and the plaintiff's claim. *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Conclusory

allegations that can be disproven by facts of which the court can take judicial notice and legal conclusions are not accepted as true for the purposes of a motion to dismiss. *See Ellen S. v. Fla. Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citations omitted).

<u>**MEMORANDUM OF LAW**</u>

**I.      Mr. Owen is entitled to absolute prosecutorial immunity.**

Mr. Owen is immune from Plaintiffs' claims that he failed to enforce the protection orders. "Absolute immunity renders certain public officials completely immune from liability, even when their conduct is wrongful or malicious prosecution." *Hart v. Hodges*, 587 F.3d 1288, 1298 (2009). "Having absolute immunity in civil damages actions would be of little consequence if it could only be asserted when the defendant prosecutor correctly complied with all his legal obligations, in which case there would be no claim." *Id.* As a preliminary matter, the Full Faith and Credit Clause does not mandate unquestioning obedience. Nor is Section 1983 a strict liability statute. As described in Section II below, it is not likely Mr. Owen's conduct amounted to a constitutional violation. Moreover, a prosecutor is not liable for every allegation that an action was unlawful or taken for a forbidden purpose. "Adoption of this construction thus would deprive absolute immunity of its intended effect." *Nixon v. Fitzgerald*, 457 U.S. 731, 756-57 (1982) (discussing presidential immunity).

In *Imbler v. Pachtman,* the Supreme Court determined that prosecutors enjoy absolute immunity from Section 1983 cases for activities that are "intimately associated with the judicial phase of the criminal process." 424 U.S. 409 (1976). This stems from a "concern that harassment by unfounded litigation" could both cause a deflection of the prosecutor's energies from his public duties" and lead him to "shade his decisions instead of exercising the independence of judgment required by his public trust." *Id.* at 423. The Eleventh Circuit described the evolution of Supreme Court precedent on prosecutorial immunity, explaining:

> Subsequent Supreme Court decisions established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. Prosecutors are also immune from damages claims alleging failure to institute a system of information-sharing among deputy district attorneys regarding confidential jailhouse informants.

*Hart*, 587 F.3d at 1295 (citation omitted). The Eleventh Circuit went on to explain circuit precedent:

> Applying these principles, our circuit has emphasized that, a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate. Such absolute immunity extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . . Prosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony,

> suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions.

*Id*. (citation and quotation omitted). "The determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty . . . ." *Id*. Thus, "[a]bsolute immunity renders certain public officials completely immune from liability, even when their conduct is wrongful or malicious prosecution." *Id*.

Plaintiffs fail to allege Mr. Owen engaged in "functions normally performed by a detective or police officer," that he acted as a witness or spokesperson, or as an advisor. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). Instead, Plaintiffs allege without explanation that he failed to "enforce" the protection orders. Plaintiffs do not explain what action Mr. Owen, a state attorney, *could* have taken, that he did not take, to prevent the harm they allege – that third parties violated the protection orders. The common sense answer, and the one within his official prosecutorial capacity, is that Mr. Owen failed to bring charges against the nonparties, a decision for which he is entitled to absolute immunity (and a claim for which Plaintiffs lack standing).[5] "Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that

---

[5] And an allegation that is rebutted by facts of which the Court may take judicial notice. *See State v. Preston*, Levy County No. 2024-MM-59 (filed 1/26/2024), *State v. Preston*, Levy County No. 2024-MM-209 (filed April 5, 2024), and *State v. Cook*, Levy County No. 2024-MM-208 (filed July 11, 2024) (Charges brought against the restrained parties for violation of protection orders).

conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."). Mr. Owen's charging decisions regarding the restrained nonparties were closely associated with the judicial activity of the criminal process, so he is protected by absolute immunity.

The Court should dismiss with prejudice.

## II. Plaintiff fails to state a claim upon which relief can be granted.

### a. Mr. Owen is the wrong defendant.

Plaintiffs fail to state a claim against Mr. Owen because they fail to describe conduct *by Mr. Owen* that deprived them of any constitutionally protected right. Instead, Plaintiffs' Complaint describes actions and decisions by the Levy County Sheriff Office's ("LCSO"). They allege they "presented the protection orders to the Levy County Sheriff's Office requesting enforcement" on November 20, 2023, and "S. Williamson #710 of the Levy County Sheriff's Office" created a police report "for documentation only." (Doc. 1 ¶¶ 14-15). While it might have been inferred that LCSO did not act to enforce the protection order thereafter on Mr. Owen's advice – a fact Plaintiffs have not alleged – Levy County judicial records demonstrate to the contrary, as cited above. Even if LCSO did choose not to act, however, Mr. Owen is

not an agent or representative of LCSO, or vice versa. Nor did Mr. Owen direct or have authority to direct LCSO. Mr. Owen is simply not the proper party against whom to bring the claims because Section 1983 requires personal involvement in the constitutional violation. 42 U.S.C. § 1983 ("every person who… subjects, or causes to be subjected…"); s*ee also Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

Plaintiffs fail to state a claim. The Court should dismiss with prejudice.

### b.  Mr. Owen's email is not actionable under Section 1983.

To the extent Plaintiffs' claim is premised on legal advice Mr. Owen purportedly gave LCSO on whether to enforce the protection order, they fail to state a claim because Mr. Owen's email contained no legal advice or even a directive. Mr. Owen's email is incorporated as an attachment to the Complaint. (Doc. 1-3.) While one of the exceptions to absolute immunity involved legal advice provided to police, the circumstances here are incomparable. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

In *Burns*, the Supreme Court determined a prosecutor was not immune where he advised police that hypnosis could be used during suspect questioning. Unlike the prosecutor in *Burns*, Mr. Owen's email gives no advice at all. (Doc. 1-3). It suggests no action. It gives no direction. It clearly requests more information. Plaintiffs fail to allege Mr. Owen gave any advice, made any other statements outside of the email, or took any other action to direct a law enforcement investigation. *See Captain*

*Jack's Crab Shack, Inc. v. Cooke*, 2022 WL 4375364 (11th Cir. Sept. 22, 2022) (finding prosecutors entitled to absolute immunity where plaintiffs failed to plausibly allege that the prosecutors "directed an illegal raid, insisted that the officers include the fabricated evidence in the warrant affidavit, and acted in their investigative capacities."). Given that the protection orders *were* in fact later enforced by LCSO when the Plaintiffs reported violations, *and* charges brought by the Eighth Judicial Circuit State Attorney's Office, the inference cannot reasonably or plausibly be made that any such advice was given. Plaintiffs fail to state a claim.

The Court should dismiss with prejudice.

### c.  Plaintiffs fail to state a claim under 18 U.S.C. 2265.

Plaintiffs' protection order states that it "must be given full faith and credit pursuant to the Violence Against Women Act, 18 U.S.C 2265." (Docs. 1-1 at 4, 1-2 at 4). Under 18 U.S.C. 2265, "any protection order issued that is consistent with subsection (b) of this section by the court of one state . . . shall be accorded full faith and credit *by the court* of another state . . . and enforced *by the court and law enforcement personnel* of the other state . . . ." 18 U.S.C. 2265(a). Mr. Owen is neither a court nor law enforcement personnel. Accordingly, he had no obligation under federal law to give full faith and credit to the protection orders. *Id.*

Further, under 18 U.S.C. 2265(b), only those protection orders issued by a court that "has jurisdiction over the parties and matter under the law of such State"

*and* "reasonable notice and opportunity to be heard is given to the person against whom the order is sought" are entitled to full faith and credit. The Florida Enforcement of Foreign Judgments Act must also be considered. A foreign order may be challenged for lack of jurisdiction or extrinsic fraud. *See* §§ 55.501-55.509, Fla. Stat.; *see also Hinchee v. Golden Oak Bank*, 540 So. 2d 262 (Fla. 2d DCA 1989). Mr. Owen's questioning, therefore, of the restrained parties' "ties to Ohio," and his questioning of whether the Plaintiffs lied in their petition (Doc. 1-3), was entirely proper under state and federal law. *Id.*

### d. No liberty or property interest in protection orders.

Plaintiffs fail to establish a deprivation of a liberty interest protected by the Due Process Clause. The Fourteenth Amendment provides that a state government may not deprive any person of "life, liberty, or property without due process of law." To establish a procedural due process claim, a plaintiff must first show the deprivation of a liberty interest protected by the Due Process Clause. *Cypress Ins. Co. v. Clark,* 144 F.3d 1435, 1436 (11th Cir.1998). "The Supreme Court has considered whether a party may assert a claim for deprivation of procedural due process based upon a state's failure to protect liberty or property interests. *Harder v. Hunter*, 572 Fed. Appx. 904, 906 (2014) (citing *Town of Castle Rock*, 545 U.S. 748, 750-51 (2005)). "The Court held no such interest existed." *Id.* "A benefit is not a

protected entitlement if government officials may grant or deny it in their discretion." *Id.* (internal quotation omitted).  As the Eleventh Circuit explained,

> The Supreme Court of Florida has held "there is not now, nor has there ever been, any common law duty for ... a governmental entity to enforce the law for the benefit of an individual or a specific group of individuals."

*Id.* Because Plaintiffs do not have a constitutionally protected property or liberty interest at stake, they failed to state a due process claim under 42 U.S.C. § 1983.

The Court must dismiss with prejudice.

**e. Plaintiffs fail to establish causation.**

Plaintiffs' lawsuit fails because none of the alleged harm can reasonably or logically be connected to Mr. Owen's conduct. "A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Coley-Pearson v. Martin*, -- F4th – 2025 WL 2910579 (11th Cir. Oct. 14, 2025).  "[T]he overarching rule is that where a "deliberative, autonomous decision-maker" stands between a defendant's actions and the plaintiff's injuries, the defendant's actions cannot be the cause of the plaintiff's injuries under § 1983." *Id.* (citing *Dixon v. Burke Cnty.*, 303 F.3d 1271, 1275 (11th Cir. 2002)).

Plaintiffs' Count I claims:

> As a direct and proximate result of Defendant's failure to enforce the protection orders, Plaintiffs suffered continuous harm to each Plaintiff/Victim's sense of safety and well-being, as a direct result of

Defendant's failure to enforce the protection orders, including, without limitation, (1) physical harm and the threats of such harm, (2) emotional and psychological harm as a result of PRESTON and COOK's intimidating and threatening behavior (assault with a gun) causing mental distress to the Plaintiffs, (3) fear of death or bodily injury due to PRESTON and COOK's persistent and obsessive behavior, (4) impact on Plaintiffs' daily lives and safety and (5) great financial harm as a result of PRESTON and COOK being emboldened by Defendant's failure to enforce the protection orders. The harm Plaintiffs allege was caused exclusively by the nonparties, Preston and Cook.

(Doc. 1 ¶ 26). They go on to allege, "PRESTON and COOK enlisted others in a civil conspiracy to harm HALES as a result of PRESTON and COOK being emboldened by Defendant's failure to enforce the protection orders." (*Id.* ¶ 27). Plaintiffs do not allege Mr. Owen had any connection to the nonparties, that the nonparties were aware of Mr. Owen's investigation of the protection orders, or any other circumstances that might link Mr. Owen's email to the harm alleged. Plaintiffs' damages were obviously the result of third-party decisions entirely unrelated to Mr. Owen's email. Accordingly, Mr. Owen is not liable for LCSO's decision not to act on November 20, 2023. 42 U.S.C. § 1983 (section 1983 requires personal involvement in the constitutional violation).

The Court should dismiss with prejudice.

**f.  No failure to protect due process cause of action.**

Plaintiffs claim Mr. Owen's failure to enforce the protective order deprived them of "a protected liberty interest" "without constitutionally adequate process." (Doc. 1 ¶ 32-33). As a starting matter, "nothing in the language of the Due Process

Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors," such as Preston or Cook. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195, (1989) ("Nor does history support such an expansive reading of the constitutional text."); *see also Bauer as next friend of E.B. v. Chronister*, 618 F.Supp.3d 1334 (M.D. Fla. 2022) (finding sheriff's office did not violate due process by failing to arrest a restrained party).[6] Plaintiffs' claims fail because Mr. Owen was not required to protect Plaintiffs from the (vaguely-alleged) private actor conduct by Preston and Cook.

Further, "in American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Mr. Owen is also not liable for failing to prosecute.

The only two circumstances that the government's failure to protect might constitute a violation of the Due Process Clause are (1) if that failure was "arbitrary, or conscience shocking, in the constitutional sense," *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992);  or (2) if the plaintiff possesses a property interest in enforcement of a restraining order. *Gonzales*, 545 U.S. at 757–66 (explaining the federal constitutional standard but concluding that Colorado law did not create a

---

[6] Although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

property interest in the enforcement of the plaintiff's restraining order). Florida law does not create property interest in enforcement of a restraining order because Florida's restraining order statute gives prosecutors *discretion to prosecute* the violation. 741.30(9)(a), Fla. Stat. ("the state attorney *may* prosecute it as a criminal violation under s. 741.31.") (emphasis added).

Nor was Mr. Owen's conduct here "arbitrary and conscience shocking." *Collins*, 503 U.S. at 128. The "shock the conscience" test is to be "narrowly interpreted and applied." *White v. Lemacks*, 183 F.3d 1253, 1259 (11th Cir. 1999). The Supreme Court has "repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) (quoting *Collins*, 503 U.S. at 129)); See, *e.g., Breithaupt v. Abram,* 352 U.S. 432, 435, (1957) (reiterating that conduct that " 'shocked the conscience' and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency" would violate substantive due process); *Whitley v. Albers,* 475 U.S. 312, 327 (1986) (same); *United States v. Salerno,* 481 U.S. 739, 746 (1987) ("So-called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' ... or interferes with rights 'implicit in the concept of ordered liberty' ") *Daniels v. Williams,* 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or

property" (emphasis in original)); *DeShaney*, 489 U.S. at 202 (ordinary negligence does not shock the conscience).

The only conduct alleged here is that Mr. Owen sent an email to LCSO that shows he was investigating the Ohio court's jurisdiction over the restrained parties. The email and investigation cannot be said to shock the conscience. Nor does Plaintiffs allege Mr. Owen deliberately acted to deprive the Plaintiffs of due process. Plaintiffs' claims are wholly devoid of factual or legal basis. The Complaint does not contain sufficient matter "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court should dismiss with prejudice.

### g. No jurisdiction to grant injunctive relief for unrelated protection orders by unknown parties.

Plaintiffs purport to seek injunctive relief for other entirely unrelated protective orders, from unknown states, protecting unknown parties from unknown restrained parties. Federal jurisdiction is limited to actual cases or controversies under Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). To establish a case or controversy, a plaintiff must have standing to bring a claim. *Id.* at 338. A plaintiff must show "standing for each claim he seeks to press" and "for each form of relief" sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoted authority omitted). A plaintiff demanding declaratory or injunctive relief must show "a real and immediate threat of future injury" and "a sufficient likelihood that he will be affected by the allegedly unlawful conduct

in the future." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305–06 (11th Cir. 2004) (internal quotation marks and quoted authority omitted).

Plaintiffs' requested relief amounts to a request that the Court require Mr. Owen to follow the law. An injunction requiring a party to obey the law—an "obey-the-law injunction"—is unenforceable. *S.E.C. v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016). Further, all of Plaintiffs' allegations are about past events. They did not allege facts showing any serious risk of continuing or future harm. Plaintiffs fail to state a claim for injunctive relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

The Court must dismiss with prejudice.

## III.    Qualified Immunity

Even if Plaintiffs could state a cause of action for the conduct they allege, Mr. Owen is at the very least entitled to qualified immunity. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Plaintiffs bear the burden of showing that "the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant ... took." *Mitchell v. Forsyth,* 472 U.S. 511, 528 (1985). To satisfy their burden requires more than "making general, conclusory allegations

of a constitutional violation or by stating broad legal truisms." *Barts v. Joyner*, 865 F.2d 1187 (11th Cir. 1989).

As the Eleventh Circuit has repeatedly stated, Plaintiffs must prove the existence of "a clear, factually-defined, well-recognized right of which a reasonable" officer should have known. *Id.* (citing *Clark v. Evans,* 840 F.2d 876, 880, 881 (11th Cir.1988)). "[O]ur cases establish that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). "[T]he qualified immunity defense . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). A right is clearly established if there is United States Supreme Court or Eleventh Circuit precedent on point. There is not. And the federal and state laws all indicate the actions Mr. Owen took were reasonable and expected.

It was not unreasonable for Mr. Owen to believe he could assess the out-of-state protection orders for issues under Article IV of the U.S. Constitution and 28 U.S.C. § 1738, assess the Ohio court's personal jurisdiction over the Florida residents under 18 U.S.C. 2265, and assess the orders for extrinsic fraud under The Florida Enforcement of Foreign Judgments Act. He is entitled to qualified immunity for his investigation. The Court must dismiss with prejudice.

## IV.    Dismissal should be with prejudice.

Plaintiffs' Complaint lacks arguable merit in law and fact. Although Rule 15(a) typically permits amendment once as a matter of course, it does not require the Court to allow amendment where the suit is frivolous. Even were Plaintiffs proceeding pro se, and the Court required to construe Plaintiffs' claims liberally, the Court would still be warranted in dismissing with prejudice if amendment would be futile, because amendment is "unnecessary if the claim is 'patently frivolous.'" *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Plaintiffs here, though, are represented by counsel. The Court should hold Plaintiffs to the strict pleading standards under the Federal Rules and under *Iqbal* and *Twombly*. No claims based on the facts alleged would survive a motion to dismiss. The Court should dismiss with prejudice.

## CONCLUSION

Plaintiffs' claims fail because (1) Mr. Owen is absolutely immune, (2) Plaintiffs fail to state a claim, and (3) Mr. Owen is entitled to qualified immunity. The Court should dismiss with prejudice with the specific findings that Plaintiffs claims are frivolous, unreasonable, without foundation, and constitute an abuse of the judicial process.

WHEREFORE, Defendants respectfully request the Court dismiss with prejudice.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson, Esq.
Senior Assistant Attorney General
Florida Bar No.: 12084
Office of the Attorney General
PL-01 The Capitol
Tallahassee, Florida 32399-1080
Telephone: (850) 414-3300
*Anthony.johnson@myfloridalegal.com*
*Counsel for Defendant Owen*

## CERTIFICATE OF CONFERRAL

Although attorney conference is not required for this motion under Local Rule 7.1(D), Danial Palardy, Esq. (former Counsel for Defendant Owen) conferred with Plaintiffs' counsel on October 6, 2025, and Plaintiff's counsel was also conferred with on November 21, 2025 regarding this *Defendant's Motion to Dismiss Complaint with Prejudice*. Plaintiff opposes.

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson, Esq.

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** a true and correct copy of the foregoing has been electronically filed through the Florida Courts e-filing Portal, on this 21st day of November 2025.

                          __*/s/ Anthony Dean Johnson*_____
                          Anthony D. Johnson, Esq.