IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES
and MARTHA RIZK,

    Plaintiffs,

v.                                                       Case No. 1:25-cv-290-AW-HTC

DANIEL REX OWEN,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiffs are Ohio residents who obtained protection orders from an Ohio court relating to their dispute with two nonparties. Plaintiffs sued Daniel Rex Owen—"a state official employed by the State of Florida," ECF No. 1 ¶ 3—who they say violated their rights by not enforcing those protection orders. Owen moved to dismiss, and this order grants his motion. Plaintiffs have not stated any claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*).

1

As a preliminary matter, Plaintiffs take issue with "phantom exhibits"—exhibits Owen references in his motion to dismiss but neglected to include. ECF No. 13 at 4. Plaintiffs are generally correct that at the Rule 12(b)(6) stage, review is limited to the complaint's four corners. And here, I need not look beyond the four corners to conclude Plaintiffs have not stated any claim. Thus, although Owen has subsequently filed the attachments, *see* ECF No. 14, I have not considered them.[1]

The gist of Plaintiffs' complaint is that Owen neglected to enforce the protection orders and instead inquired about whether Plaintiffs committed perjury in securing those orders. Plaintiffs contend Owen thus violated 18 U.S.C. § 2265 by not affording the protection orders full faith and credit. They also allege a due process violation.

First, there is no plausible claim for a violation of 18 U.S.C. § 2265. Even assuming there is a private right of action under this provision or that it is enforceable through § 1983 (both doubtful assumptions),[2] the statute says certain out-of-state

---

[1] Owen's counsel did not comply with Rule 5.2, which generally requires redaction of documents with social security numbers and other personal information. The court will direct the clerk to seal the attachments.

[2] In "either its constitutional or statutory incarnations," the Full Faith and Credit Clause is a "rule of decision for courts," not "an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182-83 (1988) (construing the Parental Kidnapping Prevention Act). And "[i]f the statute itself does not display an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how

orders "shall be accorded full faith and credit *by the court of another State*, Indian tribe, or territory (the enforcing State, Indian tribe, or territory) *and enforced by the court and law enforcement personnel of the other State*." 18 U.S.C. § 2265 (emphasis added). Plaintiffs have not alleged Owen was a court or law enforcement. Indeed, they have not alleged much of anything about him other than that he is a state employee who sent one innocuous email.[3] Moreover, they never allege what he was (in their view) supposed to do or how he should have enforced the orders. There are, in short, no facts alleged to show a plausible claim based on § 2265.

Second, the due process claim fares no better. That claim, as pleaded, is difficult to understand. But in responding to the motion to dismiss, Plaintiffs explain it this way: "By ignoring the validity of the Ohio protection orders and instead initiating an investigation into the truthfulness of Plaintiff Hales' statements in obtaining those orders, Defendant Owen effectively nullified the protection orders

---

compatible with the statute." *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017) (cleaned up).

[3] The closest Plaintiffs get is in paragraph 15, where they insert "[Defendant]" in quoting Officer Williamson's report, which itself suggests Owen is an Assistant State Attorney. ECF No. 1 ¶ 15. But an Assistant State Attorney is not "law enforcement personnel of [Florida]" for purposes of 18 U.S.C. § 2265. *Cf. Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000) (concluding prosecutor's conduct fell outside statutory definition of "law enforcement officer"); Fla. Stat. § 27.181 (defining powers and duties of assistant state attorneys); Fla. Stat. § 943.10 (defining "law enforcement officer" as one who has authority "to bear arms and make arrests").

without any process whatsoever." ECF No. 13 at 18; *see also* ECF No. 1 ¶ 35. There are a number of problems with this, but the most obvious is that Plaintiffs have pleaded no facts plausibly suggesting Owen "nullified" anything. Even if he asked for a copy of the documents and pondered whether Plaintiffs obtained the orders unlawfully, that does not "nullify" any valid order. It does not preclude a court or law enforcement from acting on the orders.

Regardless, Plaintiffs have not alleged facts to support any substantive due process claim. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989) (noting "[i]n the substantive due process analysis," it is generally the state's "affirmative act" of restraining liberty that gives rise to substantive due process, "not its failure to act" to protect citizens from harm); *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020) ("Where no custodial relationship exists, conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense," and noting "intentional wrongs seldom" meet that standard (cleaned up)).

Owen raised other arguments—including prosecutorial immunity and qualified immunity—but I need not address anything more than what is set out above. Plaintiffs have not plausibly alleged any claim.

5

 The clerk will enter a judgment that says, "Plaintiffs' claims are dismissed on the merits for failure to state a claim." The clerk will also seal ECF No. 14. The clerk will then close file.

 SO ORDERED on December 19, 2025.

s/ <i>Allen Winsor</i><br>
Chief United States District Judge